UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-cr-70(4) (JRT/LIB) |
| v. | **REPORT AND RECOMMENDATION** |
| (4) Alan D. Hemme, | |
| Defendant. | |

This matter came before the undersigned United States Magistrate Judge upon Defendant Hemme's Motion to Dismiss Indictment. [Docket No. 87]. The case has been referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. The Court held a hearing on July 2, 2013, regarding the Defendant's motions for discovery,[1] severance,[2] and dismissal. For reasons outlined below, the Court recommends the motion be **DENIED**.

**I.    BACKGROUND**

Alan D. Hemme ("Defendant") is one (1) of four (4) persons charged in the present case with one (1) count each of Transportation, Sale and Purchas of Fish Taken in Violation of Tribal Law, in violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1), and Leech Lake Band of Chippewa Indians Conservation Code §§ 2201(2) and 23.01. (Indictment [Docket No. 1] at 3-4). Defendant was indicted on April 9, 2013, and made the present motion on June 19, 2013. Defendant is scheduled for trial before Hon. John R. Tunheim on September 23, 2013. (See Order [Docket No. 131]).

---

[1] Defendant's discovery motions were the subject of a separate Order. [Docket No. 138].
[2] Defendant's motion for severance was the subject of a separate Order. [Docket No. 145].

## II. DISCUSSION

### A. Standard of Review

Defendant bases his motion on Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure, which governs motions alleging insufficiency defects in the indictment. The Eighth Circuit has repeatedly held that:

> An indictment adequately states an offense if: it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted.

United States v. Hayes, 574 F.3d 460, 472 (8th Cir. 2009) (quoting United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008) (quotation omitted)). "An indictment is normally sufficient if its language tracks the statutory language." Sewell, 513 F.3d at 821 (citing Hamling v. United States, 418 U.S. 87, 117 (1974)).

Similarly, the District of Minnesota has held that, in order to survive a criminal defendant's Rule 12 motion to dismiss:

> an Indictment must allege that the defendant performed acts which, if proven, would constitute a violation of the law under which he has been charged. See United States v. Polychron, 841 F.2d 833, 834 (8th Cir. 1988). As a result, if the acts, that are alleged in the Indictment, do not constitute a criminal offense, then the Indictment should be dismissed. See, e.g., United States v. Coia, 719 F.2d 1120, 1123 (11th Cir. 1983), cert. denied, 466 U.S. 973, 104 S. Ct. 2349, 80 L. Ed. 2d 822 (1984). In reviewing the sufficiency of an Indictment, or of any of its Counts, we are to determine whether the Indictment sufficiently sets forth the elements of the offenses alleged, as to the offenses that are said to have occurred, in order to place the defendant on fair notice of the charges against him, and to enable him to raise an acquittal, or conviction, so as to prevent his double jeopardy for a single offense. See Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Hall, 20 F.3d 1084, 1087 (10th Cir. 1994).

United States v. Hughson, 488 F. Supp. 2d 835, 840 (D. Minn. 2007) (Erickson, C.M.J.), adopted by 488 F. Supp. 2d 835 (D. Minn. 2007) (Doty, J.).

"'An indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true.'" Hughson, 488 F. Supp. 2d at 841 (quoting Hall, 20 F.3d at 1087 (citing, in turn, United States v. Sampson, 371 U.S. 75, 78-79 (1962))). "When considering a defendant's argument for dismissal pursuant to Rule 12, the court must accept all of the government's allegations in the charging document as true." United States v. Hecker, No. 10-cr-32 (JNE/SRN), 2010 U.S. Dist. LEXIS 89740, at *21 (D. Minn. July 6, 2010) (Nelson, M.J.) (citing Sampson, 371 U.S. at 78-79 ("Of course, none of these charges have been established by evidence, but at this stage of the proceedings the indictment must be tested by its sufficiency to charge an offense.")), adopted by 2010 U.S. Dist. LEXIS 89752 (D. Minn. Aug. 30, 2010). "The court must also 'make all factual inferences in favor of the government[.]' Id. (quoting United States v. Jeronimo-Bautista, 425 F.3d 1266, 1267 (10th Cir. 2005)). "[T]he Indictment will generally be deemed sufficient ''unless no reasonable construction can be said to charge the offense.''" Hughson, 488 F. Supp. 2d at 480-81 (quoting United States v. Morris, 18 F.3d 562, 568 (8th Cir. 1994) (quoting, in turn, United States v. Peterson, 867 F.2d 1110, 1114 (8th Cir. 1989))).

**B. Background**

**1. Elements of a Lacey Act Violation**

The "Lacey Act," 16 U.S.C. §§ 3371-3378, makes it a crime "for any person (1) to import, export, transport, sell, receive, acquire, or purchase any fish . . . taken, possessed, transported, or sold in violation of any law, treaty, or regulation of the United States or in violation of any Indian tribal law." 16 U.S.C. § 3372(a)(1). The Lacey Act provides for both

3

civil and criminal penalties.  See 16 U.S.C. § 3373.  Criminal penalties may be brought against "any person who . . . knowingly engag[es] in conduct that involves the sale or purchase of, the offer of sale or purchase of, or the intent to sell or purchase, fish . . . with a market value in excess of $350, knowing that the fish . . . were taken, possessed, transported, or sold in violation of, or in a manner unlawful under, any underlying law, treaty or regulation . . . ."  16 U.S.C. § 3373(d)(1)(B).

The Conservation Code of the Leech Lake Band of Chippewa Indians ("Leech Lake Conservation Code," or the "Code") governs fishing, hunting, and other activities on the Leech Lake Reservation.[3]  The Code provides that "[f]ish may not be taken for commercial purposes within the Leech Lake Reservation," except by Band members pursuant to a tribal Commercial Fishing Permit.  Leech Lake Conservation Code § 23.01.  The Code also prohibits the "taking of game fish for any purpose by use of gill nets except where such taking is for personal use."  Leech Lake Conservation Code § 22.01(2).  Walleye are among the fish classified as "game fish."  Leech Lake Conservation Code § 11.01(10).

2. **Facts Alleged in the Indictment**

The Indictment alleges that Defendant Hemme's co-Defendants[4] in this case took fish by gill net from lakes within the boundaries of the Leech Lake Reservation between September 2010 and July 2011, and that Defendant bought and/or attempted to buy those fish.  (Indictment at 2, ¶¶ 7-8).  The Indictment further alleges that Defendant "knowingly engage[d] in conduct that involved the sale and purchase of fish with a market value in excess of $350.00."  (Id. at 4-5, ¶ 12).  In particular, the Indictment alleges that the "fish were netted from lakes within the

---

[3] See generally Leech Lake Conservation Code, available at
http://www.llojibwe.org/drm/ordinances/Conservation%20Code%20of%20the%20Leech%20Lake%20Band%20of%20Chippewa%20Indians%20%28May%2030%201991%29%20B-1.pdf (last viewed Aug. 4, 2013).
[4] Also charged in the Indictment are Jerry A. Reyes, a/k/a "Otto Reyes"; Marc L. Lyons; and Frederick W. Tibbetts, a/k/a "Bud Tibbetts."  (See Indictment).

boundaries of the Leech Lake Indian Reservation for commercial purposes, and [that Defendant] did knowingly transport, receive, acquire and purchase said fish knowing that said fish were taken, possessed, transported and sold in violation of and in a manner unlawful under Tribal Law, specifically, Sections 22.01(2) and 23.01 of the Conservation Code of the Leech Lake Band of Chippewa Indians." (Id.).

### C. Analysis

#### 1. The allegations within the "four corners" of the Indictment are sufficient to withstand a Rule 12 motion to dismiss.

In the present case, the Government has pled the charges against Defendant sufficiently to withstand a Rule 12 motion to dismiss. "An indictment is normally sufficient if its language tracks the statutory language." Sewell, 513 F.3d at 821 (citing Hamling, 418 U.S. at 117). The Government has alleged that Defendant purchased fish that he knew to have been taken in violation of the Leech Lake Conservation Code, and that the value of those fish exceeded $350.00. Those allegations are sufficient to charge a count of violating the Lacey Act which makes it illegal to receive fish taken in violation of tribal law, thus providing for criminal penalties for those violations of the Lacey Act where the value of the fish exceeds $350.00.

Defendant argues that the Indictment is facially insufficient due to its failure "to identify any date(s), time(s), seller(s), amount(s) sold or alleged price(s) paid for any sales or attempted sales of unlawfully-acquired fish to Defendant Hemme." (Def.'s Mem. Supp. Mot. Dismiss [Docket No. 89], at 5). Relying on United States v. Steffen, 687 F.3d 1104 (8th Cir. 2012),[5] Defendant asserts that without such specific details, the Indictment "does not fairly inform the defendant of the charges which he must defend, and it fails to allege sufficient information to

---

[5] Defendant also cites United States v. Fleming, 8 F.3d 1264 (8th Cir. 1993). However, Fleming is inapplicable to the present case, as "Fleming did not file any motion to dismiss the indictment, [and] his only challenge to the indictment in district court was a motion for a bill of particulars." Id. at 1265 n.2. Because Defendant has not sought a bill of particulars, it is unclear how Fleming would be relevant to the present case.

5

allow a defendant to plead conviction or acquittal as a bar to a subsequent prosecution." (Def.'s Mem. at 5).

However, the language within Steffen to which Defendant points merely states the general standard of review, as already outlined in Part II.A, supra, and read in its entirety, Steffen does not support Defendant's argument. The Steffen court initially states that "'[a]n indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.'" 687 F.3d at 1109. However, in considering whether the indictment before it was sufficient, the Steffen court also embraced the rule, also quoted above, that "'[a]n indictment is normally sufficient if its language tracks the statutory language.'" 687 F.3d at 1113 (quoting Sewell, 513 F.3d at 821). Thus, Steffen does **not**, as Defendant suggests, **require** that an indictment must itself identify the specific "date(s), time(s), seller(s), amount(s) sold or alleged price(s) paid"; rather, Steffen states only that an indictment which "tracks the statutory language" is normally sufficient.

In the present case, the Indictment is sufficient to put Defendant Hemme on notice against that which he will need to prepare to defend.

### 2. Defendant's further argument that the Government's *evidence* is insufficient to support the indictment is premature.

Defendant makes two additional arguments by which he challenges the sufficiency of the evidence actually available to the Government to support the indictment. First, Defendant argues that all evidence related to the "market value" of the fish at issue makes no mention of Defendant and instead merely implicates his co-Defendant Jerry A. Reyes, a/k/a/ "Otto Reyes" ("co-Defendant Reyes"). (Def.'s Mem. at 6-7). Second, Defendant argues that "[f]or the time period

6

stated in the Indictment, the only evidence of Mr. Hemme's involvement is his alleged telephonic introduction of two undercover officers to [co-Defendant Reyes] on September 26, 2010." (Def.'s Mot. Dismiss at 2, ¶ 3).[6]

When considering a motion to dismiss the indictment on the basis of insufficiency, "[o]rdinarily, the Court's assessment is limited to the 'four corners' of the Indictment, and the Court should studiously avoid the consideration of evidence from sources beyond the Indictment." Hughson, 488 F. Supp. 2d at 841 (citing Hall, 20 F.3d at 1087); see also United States v. Augustine Med., Inc., No. 03-cr-321(1-8) (ADM/AJB), 2004 U.S. Dist. LEXIS 1980, at *7 (D. Minn. Feb. 10, 2004) (Montgomery, J.) ("In reviewing a 12(b) motion to dismiss the indictment, the Court does not entertain an evidentiary inquiry, but rather accepts the allegations of the Indictment as true" (citing United States v. Ferro, 252 F.3d 964, 968 (8th Cir. 2001) (internal citation omitted).)). There is an exception, however, "where the underlying facts are essentially undisputed . . . 'it is permissible and may be desirable . . . for the district court to examine the factual predicate for an indictment to determine whether the elements of the criminal charge can be shown sufficiently for a sustainable case." Hall, 20 F.3d at 1087 (quoting United States v. Brown, 925 F.2d 1301, 1304 (10th Cir. 1991)).

In the present case, the Court finds that it would be inappropriate to consider evidence beyond the Indictment itself because the underlying facts remain in dispute. Defendant generally asserts that his only involvement "in the efforts of the undercover officers efforts [sic] to acquire fish was his action on September 26, 2010, of exchanging the names and telephone numbers of Mr. Reyes and the undercover officers and 'vouching' for them to Mr. Reyes." (Def.'s Mem. at 7). Defendant argues that all such communications were initiated by the undercover officers,

---

[6] See also Def.'s Mem. at 2 ("For the time period specified in the Indictment of 'September 2010 through July 2011,' there has been *no evidence provided through discovery* that Mr. Hemme purchased unlawfully-acquired walleye from Defendants Reyes, Tibbetts or Lyons.").

7

and, relying on cases involving drug transactions, he maintains that merely introducing and vouching for the undercover officers is insufficient involvement to support a charge that he "aided and abetted" any illegal transaction. (Id. at 7-12).

The Government, on the other hand, argues that it was Defendant who first "raised the possibility of illegally acquiring walleye, asking 'Do you guys want to take some fish home? . . . I can get you fish.'" (Gov't's Resp. Def.'s Mots. [Docket No. 123], at 2). The Government further argues that Defendant initiated other telephone conversations with the undercover officers, and that his involvement went far beyond simply introducing and vouching for the officers and included negotiating prices on their behalf. (Id. at 2-3). Such behavior, if proven at trial, may be sufficient to persuade a jury of Defendant's participation in the alleged scheme. Cf. United States v. Gil, 1995 U.S. App. LEXIS 1127, at *28-31 (7th Cir. Jan. 19, 1995) (unpublished) (defendant's "attempt[] to negotiate the sale price" contributed to finding that he could be held responsible for the entire weight of cocaine charged, and not just the amount he was presently capable of purchasing).

Ultimately, "[t]hese are factual arguments for the jury." United States v. Hunter, No. 12-cr-185(3) (ADM/FLN), 2013 U.S. Dist. LEXIS 21522, at *4 (D. Minn. Feb. 14, 2013) (Montgomery, J.) (denying motion to dismiss certain counts of the indictment upon finding "that the superseding indictment is legally sufficient on its face), and at *7 (denying motion "to suppress all Counts that aren't supported by substantial evidence . . . [because] the sufficiency of the evidence against the Defendant is a factual issue for the jury").

Because the facts alleged within the Indictment are sufficient to charge a violation of the Lacey Act, and because it would be inappropriate at the present time and in the present case to

8

consider evidence outside the four corners of the indictment, the Court recommends that the Defendant's Motion to Dismiss Indictment, [Docket No. 87], be **DENIED**.

## III. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Dismiss Indictment [Docket No. 87] be **DENIED**.


Dated: August 12, 2013
                                                    s/Leo I. Brisbois
                                                    LEO I. BRISBOIS
                                                    United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by August 26, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within **fourteen days** of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.