# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES, | Criminal No. 13-070 (4) (JRT/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| ALAN D. HEMME, | |
| Defendant. | |

Thomas Calhoun-Lopez,, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Jan D. Stuurmans, **LAW OFFICES OF JAN STUURMANS, PA**, 276 Baker Building, 706 Second Avenue South, Minneapolis, MN 55402; and Scott J. Strouts, **SCOTT J. STROUTS, ESQUIRE**, 276 Baker Building, 706 Second Avenue South, Minneapolis, MN 55402, for defendant.

Defendant Alan Hemme was indicted for violating the Lacey Act by knowingly engaging in conduct that involved the sale and purchase of fish in violation of the Leech Lake Conservation Code. 16 U.S.C. § 3372(a). Hemme moves to dismiss his indictment under Federal Rule of Criminal Procedure 12(b) as failing to state an offense under the Lacey Act. United States Magistrate Judge Leo I. Brisbois issued a Report and Recommendation ("R&R") recommending that the Court deny Hemme's motion. Hemme objects, arguing that the Magistrate Judge erred in refusing to consider undisputed facts that prove the insufficiency of the indictment. The Court will overrule the objections and deny Hemme's motion to dismiss, as recommended by the R&R.

## BACKGROUND

This case arises out of an undercover operation to apprehend what officials believed to be the illegal catch and sale of fish on the Leech Lake Reservation in northern Minnesota.

## I.    INDICTMENT

The indictment includes charges against Hemme and three other defendants: Jerry Reyes, Marc Lyons, and Frederick Tibbetts. The indictment alleges that defendants Reyes, Lyons, and Tibbetts "took fish by gill net from lakes within the boundaries of the Leech Lake Indian Reservation" in violation of the Leech Lake Band's Conservation Code and that Reyes, Lyons, and Tibbetts sold and attempted to sell the "unlawfully acquired fish" to Hemme. (Indictment ¶¶ 7-8, Apr. 9, 2013, Docket No. 1.) Count I of the indictment charges Reyes, Lyons, and Tibbetts with a Lacey Act violation for transport and sale of fish taken in violation of tribal law. (*Id.* ¶¶ 9-10.) Count II of the indictment charges Hemme with aiding and abetting this Lacey Act violation. (*See id.* ¶¶ 11-12 (citing 18 U.S.C. § 2 ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.")).) Specifically, Count II states that "between in or about September 2010 and July, 2011" Hemme

> knowingly engage[d] in conduct that involved the sale and purchase of fish with a market value in excess of $350.00, that is: fish that were netted from lakes within the boundaries of the Leech Lake Indian Reservation for commercial purposes, and did knowingly transport receive, acquire and purchase said fish knowing that said fish were taken, possessed, transported

and sold in violation of and in a manner unlawful under Tribal Law, specifically, Sections 22.01(2) and 23.01 of the Conservation Code of the Leech Lake Band of Chippewa Indians.

(*Id.* ¶ 12.) Thus, Hemme is accused not of the actual netting and catch of the illegal yield, but of purchasing or being involved in the purchase and sale of the fish.

## II.  MOTION TO DISMISS THE INDICTMENT

Hemme moves to dismiss the indictment, arguing that the indictment is insufficient to support a conviction under the Lacey Act. Most relevant here, he argues that the Government's evidence is insufficient to sustain an indictment for "aiding and abetting" violation of the Lacey Act because the only evidence of his alleged involvement in the fish sales during the timeframe of the indictment shows merely that he introduced the seller defendants to the undercover buyers and vouched for those buyers to defendant Reyes. (Mem. of Law in Supp. of Mot. to Dismiss Indictment at 7, June 19, 2013, Docket No. 89.)

The Magistrate Judge recommended denying the motion. (R&R at 9, Aug. 12, 2013, Docket No. 146.) The R&R counsels that Hemme's argument is premature because there are facts in dispute which should be presented to a jury. (*Id.* at 6-9.) Hemme objects to this recommendation of the R&R, specifically "to the factual and legal basis" of the R&R's recommendation that it is "'inappropriate to consider evidence beyond the Indictment because the underlying facts remain in dispute.'" (Objections to R&R at 2, Aug. 26, 2013, Docket No. 155 (citing R&R at 6-7).) He argues that the evidence the Government has presented in support of aiding and abetting the purchase

and sale of fish is insufficient to support a conviction under the Lacey Act. Hemme's objection is based on the evidence produced during discovery and introduced before the Magistrate Judge at an evidentiary hearing. (*Id.* at 3.) This evidence includes an audio recording and many electronic records, which contain two investigatory reports of the undercover officers: a Summary Report and pages from the Department of Interior's "Report of Investigation." (*See* Aff. of Jan D. Stuurmans ¶ 3, Exs. 1-2, June 19, 2013, Docket No. 88.)[1]

## DISCUSSION

### I. STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

---

[1] The Government has not filed a response to Hemme's objections to the R&R, although the Court granted the Government an extension to file such a response. (*See* Mot. for Extension of Time to File Response, Sept. 13, 2013, Docket No. 167; Order, Sept. 16, 2013, Docket No. 168.) Responses to objections are not mandatory under the Local Rules. D. Minn. LR 72.2(a)(2) ("[a] party **may** respond to another party's objections within 14 days" (emphasis added)). Thus, the Court will proceed to review the objections and R&R *de novo*, *see* Fed. R. Civ. P. 72(b)(3), without the benefit of the Government's arguments regarding the issues presented by the objections.

## II. MOTION TO DISMISS THE INDICTMENT

### A. Legal Standard for Pretrial Dismissal of an Indictment

The Courts of Appeals are split as to whether a district court can dismiss an indictment based on a defendant's argument that facts outside the indictment show that there is insufficient evidence for a conviction. The Eleventh Circuit expressly prohibits the dismissal of an indictment on sufficiency grounds. *See United States v. Salman*, 378 F.3d 1266, 1268 n.5 (11th Cir. 2004) ("[T]here is currently no authority within the Federal Rules of Criminal Procedure for granting a motion to dismiss predicated on the insufficiency of the evidence, whether it be based in fact or law."). In contrast, other Courts of Appeals allow, or have left open the possibility for allowing, such dismissals in rare circumstances. *See, e.g., United States v. Huet*, 665 F.3d 588, 597-98 (3d Cir. 2012) *cert. denied*, 133 S. Ct. 422 ( 2012) (acknowledging that the court has "left open the possibility that, in limited circumstances, a district court may be able to address the sufficiency of the government's evidence in a pretrial motion to dismiss," but finding the instant circumstances did not support such a dismissal).[2]

---

[2] *See also United States v. Pope*, 613 F.3d 1255, 1260 (10th Cir. 2010) ("[C]ourts may entertain even motions to dismiss that require resort to facts outside the indictment and bearing on the general issue in . . . limited circumstances" (internal quotations omitted)); *United States v. Perez*, 575 F.3d 164, 166-67 (2d Cir. 2009) ("Unless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment." (internal quotations and alterations omitted)); *United States v. Yakou*, 428 F.3d 241, 247 (D.C. Cir. 2005) ("[W]e join those circuits in upholding the district court's pretrial dismissal of the indictment based on a question of law where the government has not made a timely objection."); *United States v. Flores*, 404 F.3d 320, 324-25 (5th Cir. 2005) (finding "no error in the district court's procedure of resolving a legal question in a pre-trial motion to dismiss the indictment" where the "sole question in this case . . . is a question of law: whether Flores's application for TPS and

(Footnote continued on next page.)

The Eighth Circuit has not weighed in on this split, although cases addressing similar circumstances suggest that the court may not be inclined to permit a pretrial dismissal based on the sufficiency of the evidence. In *United States v. Ferro*, 252 F.3d 964 (8th Cir. 2001), the court held that district courts could not dismiss indictments before trial based on the sufficiency of the evidence in fraud cases because the element of materiality must be submitted to a jury. *Id.* at 968 ("[S]o long as the indictment contains a facially sufficient allegation of materiality, federal criminal procedure does not provide for a pretrial determination of sufficiency of the evidence." (internal quotations omitted)). The court has also expressly held that indictments may not be dismissed based on arguments that the evidence presented to the grand jury was insufficient. *United States v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999) ("It has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury."). The Eighth Circuit appears to have considered a challenge to the sufficiency of an indictment in *United States v. Hance*, 501 F.3d 900 (8th Cir. 2007), but it is unclear whether the court's consideration of the issue on appeal contemplated

---

(Footnote continued.)

subsequent receipt of temporary treatment benefits cured his illegal entry into the United States for the purposes of § 922(g)(5)(A)"); *United States v. Levin*, 973 F.2d 463, 467 (6th Cir. 1992) (where operative facts were undisputed and trial "would not have assisted the district court or this court in deciding the legal issues," the district court was "not limited to the face of the indictment in ruling on the motion to dismiss since Rule 12 vested the court with authority to determine issues of fact in such a manner as the court deems appropriate" (internal quotations omitted)); *United States v. Risk*, 843 F.2d 1059, 1061 (7th Cir. 1988) (affirming pretrial dismissal of indictment where "government's characterization of the undisputed facts did not constitute a violation of any statute. In other words, the government's own facts proffered to the defendant and the district court simply did not conform to the allegations in the indictment.").

that the district court could have dismissed the indictment based on the defendant's sufficiency arguments **before trial**. *See id.* at 906 (addressing defendant's argument that the indictment failed to include all of the facts supporting his alleged crime that were introduced at trial); *see also Perez*, 575 F.3d at 166 (considered sufficiency argument on appeal, finding that the argument was not waived on account of failure to raise before trial, because defendants "had no basis to challenge the sufficiency of the indictment before trial because it met the basic pleading requirements and was valid on its face"). Nevertheless, the relevant Eighth Circuit case law provides scant support for granting a pretrial motion to dismiss an indictment based on arguments about the sufficiency of the evidence.

B. **Applying this Standard**

Even if it were clear that such a dismissal is permissible under the law of this Circuit, the circumstances here would not warrant such a dismissal under the standards applied by the Courts of Appeals that do permit such a dismissal. Hemme relies heavily on case law from the Tenth, Sixth, and D.C. Circuits to argue that the Magistrate Judge erred in determining that the Court should not dismiss the indictment based on evidentiary arguments. But those courts permit such a dismissal only in rare circumstances, where (1) "'the operative facts are undisputed,'" (2) "'the government fails to object to the district court's consideration of those undisputed facts,'" and (3) "the district court can determine from them that, 'as a matter of law, the government is incapable of proving its case beyond a reasonable doubt.'" *Pope*, 613 F.3d at 1260

(emphasis omitted) (quoting *United States v. Hall*, 20 F.3d 1084, 1088 (10th Cir. 1994)); *see also Yakou*, 428 F.3d at 247 (permitting pretrial dismissal of the indictment only where motion "based on a question of law" and "where the government has not made a timely objection" to the motion before the district court); *Levin*, 973 F.2d at 467 (affirming dismissal where operative facts were undisputed and trial "would not have assisted the district court or this court in deciding the legal issues").

The circumstances here likely fail on all three counts. At a minimum, the Court cannot conclude, based on the evidence Hemme points to, that as a matter of law the Government cannot prove its case or that trial would not assist in deciding the legal issues. Hemme argues that the statements in the investigative reports are undisputed and unequivocally show (1) that it was the undercover officers who initiated the discussion about buying illegal walleye, and (2) that Hemme did not initiate phone calls with the undercover officers, but rather only the seller defendants, such that the Government could not show that he aided and abetted the illegal transport and sale of fish. (Objection to R&R at 3-8.) He furthermore argues that any evidence of activity prior to September 2010 cannot be used to support the charge of aiding and abetting a Lacey Act violation because Count II lists the relevant timeframe as September 2010 through July 2011. (*See* Indictment ¶ 12 ("Between in or about September 2010 and July, 2011 . . . .").)

But the investigative reports that Hemme argues amount to undisputed facts include statements and characterizations from which a jury could reach multiple conclusions, including that Hemme aided and abetted the illegal purchase and sale of fish. For example, the Summary Report states that on September 26, 2010 (within the

timeframe listed in the indictment), Hemme "arranged for the officers to buy fish from Reyes." (Stuurmans Aff. Ex. 1.) A jury could conclude from this statement that "arranging" for a covert buy of illegal fish amounts to aiding and abetting violation of the Lacey Act.[3] It would be premature to conclude that the Government could not so convince a jury at trial based on this statement. This is especially true if the Government intends to present live witnesses who would add context and narrative to the events described in the investigative reports, and based on the Summary Report it appears that the Government plans to do so. (*See id.*)

The Summary Report also reflects factual disputes. It states that Hemme admitted in an interview that he "purchased 'odds and ends walleye' from Marc Lyons, but denied making any large purchases." (*Id.*) In contrast, Lyons stated during his interview that he sold approximately 100 pounds of walleye fillets to Hemme. (*Id.*) This is precisely the type of factual dispute that must be determined by a jury (which would be aided by the live testimony of at least Lyons, if not also Hemme; the Government listed Lyons as a possible source of testimony at trial (*see id.*)).

Moreover, although Hemme's activities before September 26, 2010 are not expressly included in the indictment, evidence of those activities would likely be

---

[3] Under 18 U.S.C. § 2, aiding and abetting requires a showing that the defendant "(1) associated himself with the unlawful venture; (2) participated in it as something he wished to bring about, and (3) sought by his actions to make it succeed." *United States v. Wilson*, 619 F.3d 787, 797 (8th Cir. 2010) (internal quotations omitted). This is not a comment on the persuasiveness of this evidence, but rather the Court intends only to illustrate that the evidence is not so undisputed that the Court could determine as a matter of law that the Government could not prove the charge at trial.

admissible at trial.  The Eighth Circuit explains that "'[w]hen the date of the offense is not an element of the charge, we have held on many occasions that a variance between the indictment date and the proof at trial is not fatal so long as the acts charged were committed within the statute of limitations period, and prior to the return date of the indictment.'" *United States v. Moore*, 639 F.3d 443, 446-47 (8th Cir. 2011) (no abuse of discretion to admit at trial evidence of conspiracy outside timeframe listed in the indictment) (quoting *United States v. Stuckey*, 220 F.3d 976, 982 (8th Cir. 2000) (gathering cases)).

Finally, it is not clear that the Government has failed to "object to the district court's consideration" of any undisputed facts.  *Pope*, 613 F.3d at 1260 (internal quotations omitted).  Even if the Government did not object to the **consideration** of the investigative reports and evidence that Hemme argues is undisputed, the Government has certainly objected to his **characterization** of it as undisputed and indicates in the Summary Report that it plans to bring additional testimony at trial, such that the evidence presented so far is not the complete record upon which Hemme's guilt would be decided. *Cf. id.* at 1261-62 (concluding that "extra-indictment evidence thus must be undisputed in the sense that it is **agreed** to by the parties – neither side having expressed any objection to its consideration or any objection to its completeness and accuracy" and affirming denial of pretrial motion to dismiss indictment where "[p]lainly, the government **did** contest the district court's ability to resolve Mr. Pope's motion on the basis of facts outside his indictment") (emphasis in original)).

Thus, the circumstances here do not amount to the "rare exception" when a pretrial dismissal of the indictment is appropriate. *Id.* at 1260 (internal quotations omitted); *see also Huet*, 665 F.3d at 598 (reversing the district court's pretrial dismissal of the indictment where the government "maintain[ed] that it will introduce testimony to prove the elements of aiding and abetting," and "[a]t no point during the proceedings before the District Court did the Government concede that the facts were undisputed or were complete").

The Court concludes that the Magistrate Judge did not err in declining to consider facts outside the indictment to conclude that Hemme's indictment could be dismissed before trial. The indictment includes and is based upon sufficient evidence such that the case must be presented to a jury.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Hemme's objections [Docket No. 155] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 146]. Accordingly, **IT IS HEREBY ORDERED** that Hemme's Motion to Dismiss the Indictment [Docket No. 87] is **DENIED**.

DATED: November 25, 2013             _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                        JOHN R. TUNHEIM
                                                          United States District Judge